UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ASHLEY WHITE**                                         **CIVIL ACTION**

**VERSUS**                                                **NUMBER 07-97-RET-DLD**

**MICHAEL ASTRUE, COMMISSIONER
OF SOCIAL SECURITY**

## REPORT AND RECOMMENDATION

This matter is before the court for a report and recommendation on plaintiff Ashley White's complaint for judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") benefits.

**Procedural Background**

Plaintiff is a 27 year old female with two years of vocational school and some college. Plaintiff's mother has been filing applications for SSI benefits on Ms. White's behalf since Ms. White was four years old, based on attention deficit hyperactivity disorder. All previous claims were denied. Her latest application was filed in 1997. At the time of the first hearing on the 1997 application, Ms. White had turned 18 years old, and therefore her application was evaluated under both the children's standard, and the adult's standard, for disability. At the first hearing, the ALJ determined that Ms. White was not disabled under either standard. This decision was remanded to the Commissioner by the court due to a hypothetical posed to the vocational expert that failed to consider Ms. White's severe impairment of obesity. On remand, the ALJ again found that Ms. White was not disabled under either standard. That decision is now before the court.

1

In denying her claim for benefits for the period prior to the age of majority, the Commissioner reached the third and final step of the three-step sequential disability analysis set forth for children's benefits in 20 C.F.R. § 416.924.

The Commissioner also denied Ms. White's claim for SSI benefits for the period after she reached the age of majority. In doing so, the Commissioner reached the fifth and final step of the five-step sequential disability analysis set forth in 20 C.F.R. § 416.920.

For both the childhood and adult stages of the analysis, the Commissioner's administrative law judge ("ALJ") determined at step one that Ms. White had not engaged in any substantial gainful activity during the relevant periods. At step two of both sequential analyses, he found that Ms. White suffered from six severe impairments: (1) depression, (2) attention deficit hyperactivity disorder ("ADHD"), (3) obesity, (4) hypertension, (5) high blood sugar, and (6) asthma.

At step three of the childhood analysis, the ALJ determined that the substantial evidence showed Ms. White had a less than a marked limitation in all five of the age-appropriate areas or "domains" of functioning: cognitive/communicative, motor functioning, social functioning, personal functioning, and concentration, persistence or pace. According to the Commissioner's regulations, Ms. White's impairments therefore did not meet, equal, or constitute the functional equivalent of a listed impairment. For that part of Ms. White's claim pertaining to her childhood years, this constituted the endpoint of the three-step children's disability analysis.

In the five-step sequential analysis applicable to the period after Ms. White turned eighteen, the ALJ determined at step four that plaintiff did not have any past relevant work experience. At the fifth and final step, the ALJ found that Ms. White had

2

had a residual functional capacity to perform a significant range of sedentary work, subject to the following exertional and non-exertional limitations:

> Claimant is able to lift/carry no more than 10 pounds occasionally and no more than 5 pounds frequently, stand/walk no more than 1 hour at one time and no more [sic] 4 hours out of an 8 hour workday, sit no more than 1 hour at one time and 4 hours out of an 8 hour workday. Claimant is limited to types of work which do not require exposure to moderate levels of pulmonary irritants. Due to psychological based pathology she is limited, but she remains able to perform types of work which involve only non-complex, non-detailed simple tasks in terms of understanding, remembering and carrying out job instructions and she canot perform work which requires interaction with the public. Claimant's obestiy has been considered in conjunction with her other impairment(s) as required by SSR 02-01p, but it does not further limit claimant's residual functional capacity. Claimant has no other functional limitations. (R532).

The ALJ determined, using Medical-Vocational Rule 201.27 as a framework for decision making, and the testimony of a vocational expert, that there were a significant number of jobs in the national economy that she could perform, and was not disabled, as defined by the Social Security Act, at any time through the date of the decision.

Therefore, the ALJ found that Ms. White was not under a disability under either the children's standard at any time through July 31, 1998, or the adult's standard at anytime after July 31, 1998, through the date of decision, May 16, 2006. This decision was appealed by the plaintiff, and is now before the court.

## Statement of Errors

As interpreted by the court, the plaintiff argues the following errors:

1)   The ALJ's finding that Ms. White did not meet the children's disability standard is not supported by substantial evidence;

2)   The ALJ's residual functional capacity is not supported by substantial evidence, as the ALJ failed to consider plaintiff's depression and attendant temper

3

tantrums, poor social skills, obesity, and side effects of medication on her residual functional capacity;

3) The ALJ's finding that a significant number of jobs exist in the national economy is not based on substantial evidence due to a defective hypothetical to the vocational expert.

## Governing Law

The Social Security Act provides for the payment of benefits to persons who have contributed to the program and "who suffer from a physical or mental disability." *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000), *citing* 42 U.S.C. § 423(a)(1)(D)(1991). As used in the Act, the term "disability" is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period not less than twelve months. *Id.*, *citing* 42 U.S.C. § 423(d)(1)(A); *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). To determine whether a disability exists for purposes of the Act, the Commissioner must weigh the following elements of proof: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).

In reviewing the Commissioner's decision to deny disability benefits, this Court is limited to a determination of whether the Commissioner's decision was supported by substantial evidence existing in the record as a whole and whether the Commissioner applied the proper legal standards. *See, e.g., Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir.

1988).  Substantial evidence means more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Id.*

In applying this "substantial evidence" standard, the Court must carefully scrutinize the record to determine if, in fact, substantial evidence supporting the decision does exist, but the Court may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for the Commissioner's even if the evidence preponderates against the Commissioner's decision. *Id.*  A finding of "no substantial evidence" will be made only where there is a conspicuous absence of credible choices or an absence of medical evidence contrary to the claimant's position. *Id.*

However, the substantial evidence standard of review is not a mere rubber stamp for the Commissioner's decision, and it involves more than a search for evidence supporting the Commissioner's findings. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).  The Court must scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Id.*

The overall burden of proving disability under the Social Security Act rests on the claimant. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983).  However, for an adult claimant, if she proves at step four of the five-step sequential analysis that she is no longer able to work in her past relevant work, or if she does not have past relevant work experience, the burden shifts to the Commissioner at step five to establish that the claimant nonetheless has the ability to engage in other substantial gainful activity. *See, e.g., Rivers v. Schweiker*, 684 F.2d 1144, 1155-1156 & n. 14 (5th Cir. 1982).

5

**Regulatory framework for child claimants**:

The Commissioner's regulations provide a three-step sequential process for determining a child's claim for disability or SSI benefits. 20 C.F.R. § 416.924(a). The first step is to determine whether the child is engaging, or has engaged, in substantial gainful activity. If the answer is "yes" at this step, the child must be found not disabled. The second step requires a determination of whether the child has an impairment, or combination of impairments, that can be classified as "severe" under Fifth Circuit law. If the answer is "no" at this second step, the child must be found not disabled.

A child disability claimant will not be considered disabled at the third and final step of the analysis unless her impairments meet, medically equal, or constitute the functional equivalent of a listed impairment set forth in Appendix I, Subpart P, Part 404, of the Commissioner's regulations. *See, e.g., Brown v. Callahan*, 120 F.3d 1133, 1135 (10th Cir. 1997). Under 20 C.F.R. § 416.926a(a)(2001), if an impairment does not meet or medically equal a listed impairment, the Commissioner will determine whether the impairment nonetheless is functionally equivalent in severity to a listed impairment. The parties agree that governing law states that "functional equivalence" is determined with reference to six areas or "domains" of age-appropriate development or functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1) (2001). Under these regulations for the childhood disability analysis, a finding of "functional equivalence" requires a finding of either an extreme limitation of functioning in one broad area of age-appropriate development or functioning or a marked limitation in two such areas. 20 C.F.R. § 416.926a(a).

**Regulatory framework for adult claimants**:

The record shows that Ms. White reached the age of majority on August 2, 1998. To determine if she was entitled to SSI benefits from that date forward, the Commissioner was required to follow the five-step sequential disability analysis set forth in 20 C.F.R. § 416.920(b)-(f).  *See, Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988), wherein the Fifth Circuit noted that "the five-step analysis requires the Commissioner to consider: 1) whether the claimant is presently engaging in substantial gainful activity, 2) whether the claimant has a severe impairment, 3) whether the impairment is listed, or equivalent to an impairment listed in appendix I of the regulation, 4) whether the impairment prevents the claimant from doing past relevant work, and 5) whether the impairment prevents the claimant from performing any other substantial gainful activity."

## Discussion

The issue before this Court is whether the Commissioner's finding that Ms. White is not disabled is supported by the substantial evidence and was reached by applying the proper legal standards.  42 U.S.C. § 405(g).

The claimant's argument that the ALJ's finding that Ms. While was not disabled under the children's standard was not supported by substantial evidence is without merit. The claimant has pointed the court to no evidence in the record that would support a finding that Listing 112.11, which addresses ADHD, was satisfied.  The ALJ also properly determined that Ms. White's impairments were not functionally equivalent to any listed impairment by considering fully each of the domains of functioning.  The claimant does not point to any evidence that the ALJ failed to weigh and consider in  making his

7

determination.[3]  In determining whether substantial evidence supports the ALJ's findings, the Court may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for the Commissioner's even if the evidence preponderates against the Commissioner's decision.  *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).  In this matter, the evidence in the record supports the ALJ's finding that Ms. White was not disabled under the childhood standard.

The claimant's argument that Ms. White's residual functional capacity was not supported by substantial evidence is also without merit.  The ALJ, in his Decision, considered the side effects of her medications, but found that they were not a significant limitation. (R532).  The ALJ also recognized the claimant's allegations of disabling depression, including temper tantrums, but found that her condition was generally controlled with medication, and the medical records did not support her allegations of a disabling condition. (R531). The ALJ noted her graduation with an associate's degree from Remington College, her current attendance at community college with passing grades, her participation in a dance team, her reading, and visiting with her family as evidence that her depression and attendant problems were not as severe as alleged.  The ALJ specifically stated that her testimony regarding her depression and temper tantrums "is credited only to the extent that it might sometimes limit her thinking and interaction with the public." (R531).  In assessing her residual functional capacity, the ALJ considered her depression,

---

[3]The Court throughly discussed the previous ALJ's finding that Ms. White was not disabled under the childhood disability standard in its *Ruling* in 02-1120, record document number 16.  The claimant has not argued that any new evidence was presented in the rehearing before the current ALJ.  The reasons given in the previous *Ruling* supporting the ALJ's denial of childhood benefits, in addition to the current recommendation, are adopted herein.

temper tantrums and lack of social skills in his recognition of her "psychological based pathology" by limiting her to non-complex, non-detailed tasks, and specifically stated that she "cannot perform work which requires interaction with the public." (R532). The ALJ also specifically stated that he considered her obesity in conjunction with her other impairments, and consideration of her obesity is reflected throughout his Decision. (R532, 531, 530). Therefore, the claimant's argument that the ALJ's residual functional capacity is not supported by substantial evidence is without merit.

The record also reflects that the ALJ included all of the plaintiff's exertional and non-exertional limitations that he found to exist in his hypothetical to the vocational expert, including her inability to work in jobs requiring public contact. (R615). While the claimant argues that it was error not to include her temper tantrums in his hypothetical to the vocational expert, the ALJ was not required to include limitations that he did not find to exist. As discussed above, the ALJ considered the claimant's testimony and medical evidence regarding her depressive temper tantrums, but only credited those allegations with a severity level that would "sometimes limit her thinking and interaction with the public." (R531). The ALJ properly incorporated this limitation in his hypothetical to the vocational expert. (R615). The hypothetical question posed to the vocational expert by the ALJ reasonably incorporated all of the disabilities of Ms. While recognized by the ALJ, and the claimant's representative was given an opportunity to add temper tantrums to the hypothetical question. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). Therefore, the claimant's argument that the ALJ's finding that a significant number of jobs exist in the national economy is not based on substantial evidence due to a defective hypothetical to the vocational expert is without merit.

**Conclusion and Recommendation**

Accordingly, for the reasons assigned,

**IT IS THE RECOMMENDATION** of the court that the decision of the Commissioner denying supplemental security insurance benefits (SSI) be **AFFIRMED**, and the complaint of Ashley White be **DISMISSED**, with prejudice, and pursuant to the fourth sentence of 42 U.S.C. § 405(g), a final judgment be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Signed in Baton Rouge, Louisiana, on February 19, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ASHLEY WHITE**                                    **CIVIL ACTION**

**VERSUS**                                          **NUMBER 07-97-RET-DLD**

**MICHAEL ASTRUE, COMMISSIONER
OF SOCIAL SECURITY**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

**Signed in Baton Rouge, Louisiana, on February 19, 2008.**

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**